UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTON ZAIKA,

                        Petitioner,

           v.

FIELD OFFICE DIRECTOR, *et al.*,

                        Respondents.

Case No. C26-1196-RSM

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS UNDER
28 U.S.C. § 2241

This matter comes before the Court on *pro se* Petitioner Anton Zaika's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. Dkt. #1. The Court has reviewed the certified petition, the Government's Response, Dkt. #5, and the remainder of the record. The following facts are taken from the verified petition and a declaration of a deportation officer submitted by the Government. *See* Dkts. #1 and #6.

Petitioner is a Ukrainian citizen who received travel authorization by the Department of Homeland Security ("DHS") on June 12, 2024, allowing him to enter the United States on August 27, 2024, under the Ukrainian Humanitarian Parole program. His parole was valid until August 26, 2026. Petitioner entered via Ted Stevens Anchorage International Airport, and he received work authorization shortly after. He obtained a State of Alaska Real ID-compliant driver's license, enrolled in English language classes, and obtained employment as a driller's assistant in

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C.
§ 2241 - 1

Anchorage, Alaska.  Petitioner is the sole provider for his family, which includes his wife, two minor children and elderly parents, all of whom remain in Ukraine.

On February 1, 2026, Petitioner was arrested by Anchorage Police Department and charged with driving under the influence.  That same day, Petitioner was released on "the least restrictive form of release available under Alaska law, requiring no bail, no cash deposit, and no surety."  Dkt. #1 at 4.  The next day, he paid his towing and storage charges and municipal administrative fees, then he continued attending English classes and enrolled in a Project Management Professional study program.

The Government asserts that "ICE [Immigration and Customs Enforcement] learned that Petitioner was arrested and charged" on the day of his arrest.  Dkt. #5 at 2.  On February 23, 2026, ICE agents detained Petitioner "as he stepped outside his home with tea in hand, on his way to his morning shift."  Dkt. #1 at 5.  Following his detainment, Petitioner was served a Notice to Appear, and he was transferred to Northwest ICE Processing Center ("NWIPC") on February 26, 2026.  The Government indicates that Petitioner's "next scheduled merits hearing is on May 11, 2026."  Dkt. #6 at ¶ 9.  No bond hearing has occurred, and Petitioner remains in detention at NWIPC.

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3).  In this case, Petitioner contends that his arrest and detention violate the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. Amend. V.  The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful,

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 2

unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id*. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965)). Determining whether an administrative procedure provides the process constitutionally due:

> generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id*. at 335.

In *Rodriguez Diaz v. Garland*, the Ninth Circuit assumed without deciding that *Mathews*' three-part test applies in "the immigration detention context." 53 F.4th 1189, 1206-07 (9th Cir. 2022). The parties discuss how the application of the *Mathews* text applies here, and the Court will consider each *Mathews* factor in turn to determine whether Petitioner's arrest and detention comport with constitutional due process requirements. In so doing, the Court is mirroring the application of this test used by other judges in this District. *See, e.g., E.A. T.-B. v. Wamsley, et al.*, No. 25-1192-KKE, -- F. Supp. 3d --, 2025 WL 2402130 (W.D. Wash. Aug. 19, 2025).

Petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529, 124 S. Ct. 2633, 159 L. Ed. 2d 578 (2004). That Petitioner

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 3

was living and working in the United States for years, suddenly detained on his way to work, and remains in custody undoubtedly deprives him of an established interest in his liberty. Even on temporary or conditional release, that substantial liberty interest exists. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. Mar. 3, 2025) (collecting cases). This first *Mathews* factor favors Petitioner.

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest. The Court agrees with Petitioner that the risk of erroneous deprivation of his liberty interest is high under the facts of this case.

Humanitarian parole is automatically terminated only if the noncitizen leaves the United States or the parole term has expired. *See* 8 C.F.R. § 212.5(e)(1). Otherwise, termination of parole may occur if the purpose of the parole has occurred or if a statutorily authorized DHS official determines that "neither humanitarian reasons nor public benefit warrants the continued presences of the [noncitizen] in the United States." 8 C.F.R. § 212.5(e)(2)(i). Under this discretionary parole, the noncitizen must be provided written notice of the parole termination. *Id.* Once parole is terminated, "any order of exclusion, deportation, or removal previously entered shall be executed." *Id.* If this cannot occur "within a reasonable time, the [noncitizen] shall again be released on parole" unless an authorized DHS official determines that "the public interest requires that the [noncitizen] be continued in custody." *Id.* Thus, "unless detention is required for the timely removal of a noncitizen, continued detention following release on parole must be supported by individualized assessment by an authorized DHS official." *Telenchana v. Hermosillo*, No. 2:26-cv-00363-GJL, 2026 WL 696806, at *7 (W.D. Wash. Mar. 12, 2026). Otherwise, the noncitizen must be released. *Id.*

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 4

Here, discretionary termination applies, as Petitioner's parole has not expired, nor did he leave the United States. Petitioner alleges that the Government has not provided "a valid statutory basis justifying Petitioner's continued detention" and that written notice of his parole revocation was never provided. Dkt. #1 at 5-6. The Government contends that Petitioner's detention is mandatory, his parole was temporary, his arrest for criminal behavior provides basis for terminating his parole, and "[t]he notice to appear issued to Petitioner on February 23, 2026, served as written notice that his parole was terminated." Dkt. #5 at 4. The Court finds that "these generalized assertions do not constitute evidence that an authorized DHS official determined that Petitioner's continued parole was no longer warranted for 'humanitarian reasons' or for the 'public benefit.'" *Musaev v. Hermosillo*, No. 2:26-cv-00522-RAJ, 2026 WL 925611, at *6 (W.D. Wash. Apr. 6, 2026). Petitioner's initial release on humanitarian parole and his release on "the least restrictive form of release available under Alaska law" after his arrest support the contention that the Government made no finding of flight risk or danger to the community or other individualized assessment. Dkt. #1 at 4. The Court rejects the Government's assertion that the Notice to Appear satisfied written notice requirements, as the Notice does not mention Petitioner's parole, let alone provide any basis for the revocation, and it was served on Petitioner after he was arrested and detained. *See* Dkts. #7, Ex. B and #6 at ¶¶ 6-7. The Court finds that the Government "failed to comply with regulatory requirements for revoking humanitarian parole, which heightens the risk of erroneous deprivation." *Telenchana*, 2026 WL 696806, at *11. The second *Mathews* factor weighs in Petitioner's favor.

In the final *Mathews* factor, the Court considers the Government's interest in arresting and detaining Petitioner without a hearing to determine flight risk or danger to the community. The Government clearly has an interest in detaining removable noncitizens under certain

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 5

circumstances to the extent needed to ensure that they do not abscond or commit crimes. But where Petitioner has been living in the United States for years, obtained work authorization and employment, and there was no material change in his particular factual circumstances, the Government fails this factor. The Government contends that it has "a great interest in ensuring that individuals temporarily paroled into the United States and allowed to work are not involved in criminal activity," Dkt. #5 at 7, but fails to show how "providing Petitioner with notice and an opportunity to be heard on the basis for revoking his parole would have impaired this interest." *Zavorin v. Wamsley*, No. 2:26-cv-00173-DGE, 2026 WL 309733, at *5 (W.D. Wash. Feb. 5, 2026). While "there may be situations that urgently require arrest, in which a prompt post-deprivation hearing is appropriate," the Government "offer[s] no basis to conclude Petitioner's circumstances presented such an urgent scenario." *Id*. The Court finds that the Government's interest here is low, and this third *Mathews* factor favors Petitioner. *See also E.A. T.-B.*, *supra*.

Based on this review of the *Mathews* factors, the Court finds that Petitioner has a protected liberty interest in his continued release from custody, and due process requires that Petitioner receive proper notice and an opportunity to respond before he can be re-detained.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's habeas petition is GRANTED. The Court ORDERS that Petitioner shall be released from custody immediately under the same conditions of his prior release and may not be re-detained until after adequate notice and a hearing with meaningful opportunity to respond in order to determine whether detention is appropriate.

DATED this 1st day of May, 2026.

Ricardo S. Martinez
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 6